AMBROSE C. BURDICK v. ELIZA A. WHEELOCK ET AL.

*Purchase by mortgager on foreclosure of prior mortgage—Laches.*

A mortgagor, whose personal liability for the mortgage debt has become extinguished, is not disabled legally from obtaining title in good faith under the foreclosure of another mortgage which has legal priority. And where no fraud or collusion appeared, although charged, a bill to subject such foreclosure purchase to the subsequent mortgage was properly dismissed.

A delay of twelve years from the maturity of the postponed mortgage, and six years after such foreclosure, and the postponement of suit until the original mortgagor was dead, and the foreclosure title vested in his heirs should in a case of doubt put complainant to the necessity of making out a plain case.

Appeal from Ionia. Submitted Apr. 19. Decided Apr. 25.

FORECLOSURE. Complainant appeals. Dismissal affirmed.

*Thompson & Whitehead* for complainant. A mortgager cannot avail himself of the foreclosure of a later mortgage to cut off his own : Jones on Mortgages §§ 1483, 679, 703 ; Story's Eq. Jur. § 410 ; 2 L. C. in Eq. 69 ; *Schutt v. Large* 6 Barb. 381.

*Vosper Bros.* for defendants Wheelock.

CAMPBELL, J. This bill is filed to enforce a mortgage made in August, 1865, by Levi Wheelock, deceased, to one Devens to secure certain promissory notes payable to Devens, or bearer, in one and two years. On the 26th of December, 1865, Devens assigned to complainant, who in August, 1866, made a colorable assignment to Ives G. Miles and John Culp, which the bill states was for complainant's own purposes, and they reassigned in 1869. The mortgage was recorded erroneously, so as not to show the true description of the land. In March, 1869, it was recorded anew correctly. The assignments from Devens and to Miles and

Culp were seasonably recorded. The reassignment was not recorded.

In July, 1868, Wheelock made a second mortgage to defendant Bennett, who afterwards assigned it to defendant Babcock, which was duly recorded, and thereby obtained record precedence, as to the land described, over the first mortgage. In February, 1871, the land was sold on chancery foreclosure of the second mortgage to Babcock, the complainant in foreclosure. All persons having record interests were properly brought in, and the proceedings were regular. Complainant was not made a party, but Miles and Culp were, and the decree is admitted to have been warranted by the rules of practice.

In the latter part of November, 1873, Babcock conveyed to Wheelock, and some conveyances and reconveyances are set up which need not now be recited. All of the property became ultimately revested in Levi Wheelock *except* one small parcel in his son Levi A. Wheelock. Some homestead questions are also raised which we do not refer to. Levi Wheelock is dead and a part of the defendants are his widow and children.

The bill is filed on the theory that the Bennett mortgage and all the subsequent transactions through which the property passed were purposely fraudulent and collusive, to protect Wheelock and defraud complainant. The bill does not rely on any general disability of a mortgagor to become purchaser under titles derived from a foreclosure of a second mortgage, and therefore we need not discuss how and when such a disability exists. In the present case, when he purchased, the claim against him personally was outlawed, and he had no remaining duties to his mortgagee. The bill rests on nothing but fraud.

There is nothing in the case to indicate that any fraud has been committed by Wheelock or by any of the defendants. Their conduct appears to have been honest and fair throughout, and it is not open to criticism. On the other hand, a delay of more than twelve years to enforce complainant's mortgage, and of more than six years after

Wheelock purchased from Babcock, and the postponement of suit until Mr. Wheelock's death, might very well lead to some hesitation in allowing so stale a claim to be urged under any but satisfactory circumstances But we think the theory of the bill fails entirely, and all other questions may be passed.

The decree dismissing the bill should be affirmed with costs.

COOLEY and MARSTON. JJ. concurred.